*569 OPINION.
Hill :
The first issue of this proceeding is whether or not petitioner is entitled to a deduction, as a necessary and ordinary business expense or as an ordinary loss, in the amount of accounts canceled in a settlement made with Realistic. A second issue (alternative to the first) is whether petitioner must include the royalties which became due and payable during the first six months of the taxable year in gross income. A third issue is whether delinquency penalties should be imposed for failure to file returns within the time prescribed by statute.
Petitioner contends the action of the respondent in not allowing the deduction as an ordinary and necessary business expense or as an ordinary loss is erroneous. It also claims that, even if this action were not in error, respondent ought not to have included in gross income the amount of royalties due from Realistic for the first six months of the taxable year. In support of its argument on the first contention petitioner cites and relies chiefly upon Helvering v. Community Bond & Mortgage Co., 74 Fed. (2d) 727, and Olinger Mortuary Association, 23 B. T. A. 1282. Petitioner also cites several cases which allow compromise settlements to be deducted as ordinary and necessary business expenses. As authority for its position that the royalties accrued for the first six months of the taxable year should not be included in gross income petitioner cites Stern-Slegman-Prins Co. v. Commissioner, 79 Fed. (2d) 289; Huntington-Redondo Co., 36 B. T. A. 116; Albert W. Russell, 35 B. T. A. 602.
Petitioner’s position that the royalties for the first six months of the taxable year should not be included in gross income is premised upon the cases set forth above, in which it was held that a readjustment of an item prior to the end of a taxable year should be given effect in the computation of gross income for that year. In most of those cases the items which were adjusted were annual items such as salary for the full year which was readjusted prior to the end of the year. In the Himtington-Redondo Go. case, the only adjustment made was a bookkeeping entry. In the instant case there was no readjustment by a change in the rate nor reversal of bookkeeping entries but rather a complete cancellation of the accrued royalties which had become due and payable at all events. These royalties were not computed in regard to any definite period but rather upon the amounts of machinery manufactured. Thus, we hold that the royalties which had accrued to petitioner in the first six months of the taxable year were includable in gross income.
The only question left for our consideration is whether the cancellation of all the debts was a capital expenditure or not. The respondent contends that the cancellation of the various debts owed *570 by Eealistic to petitioner was a capital expenditure and therefore is not deductible from gross income either as an expense or a loss.
If we hold that such cancellation was in effect a capital expenditure, petitioner is entitled to no deduction as an ordinary and necessary business expense nor to any deduction as an ordinary loss. The facts show that petitioner had received from its predecessor certain assets which consisted of patents and patent rights. In order to collect income on these patents and rights petitioner or its predecessor had licensed about ten manufacturers under licenses containing a clause limiting to ten the number of licenses outstanding at any one time and containing a “favored nation” clause. Most of the licenses contained these two clauses, which limited petitioner’s full use of the patents and effectively stopped petitioner from issuing other licenses. In order to secure the abolition of such restrictions petitioner entered into an agreement with Eealistic by which petitioner was released by Eealistic from the restrictive covenants in the latter’s license agreements. In consideration of that release petitioner canceled the debts owing to it by Eealistic and also released Eealistic from the payment of royalties in the future under its license agreement. Such release was an important initial step in securing similar releases from petitioner’s other licensees, which when accomplished restored to petitioner property rights in respect of its patents which it had previously surrendered in its license agreements. This restored right was a capital asset which petitioner did not have prior to the releases secured first from Eealistic and subsequently from its other licensees. The consideration paid to acquire such right was a capital expenditure and such consideration consisted, at least in part, of the cancellation of the debts which it seeks herein to deduct either as ordinary and necessary business expenses or otherwise. We hold that such cancellation constituted a capital expenditure and is not deductible for tax purposes.
Petitioner contends that if such expenditure is held to be a capital expenditure it should be entitled to an amortization deduction in respect thereof. Since we have so held, the amount of the capital expenditure should be added to petitioner’s basis for depreciation.
Petitioner’s evidence upon the question of penalties is rather meager. However, upon due consideration of all of the evidence we feel warranted in finding as a fact that petitioner’s failure was due to reasonable cause. In the recomputation of the deficiency, no penalties shall be included. Sec. 291, Eevenue Act of 1986.

Decision will be entered v/nder Rule SO.